**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**BRADELY COTTRELL, on behalf of the
ESTATE OF BERNARD DALE COTTRELL,**

      **Plaintiff,**

                                           **CIVIL ACTION NO. 2:18-cv-1281**
**v.**                                      **Honorable Thomas E. Johnston**

**NATHAN SCOTT STEPP, Individually as a
member of the West Virginia State Police;
ZACH W. HARTLEY, Individually as a
member of the West Virginia State Police;
OKEY S. STARSICK, Individually as a
member of the West Virginia State Police;
ROBERT B. HICKMAN, Individually as a
member of the Roane County Sheriff's Department;
ROANE COUNTY SHERIFF'S DEPARTMENT;
and WEST VIRGINIA STATE POLICE,**

      **Defendants.**

**ANSWER OF TROOPER STEPP, TROOPER HARTLEY, FIRST SERGEANT
STARSICK, AND WEST VIRGINIA STATE POLICE TO PLAINTIFF'S COMPLAINT**

      COME NOW, these Defendants, Nathan Scott Stepp ("Trooper Stepp"), Zach W. Hartley ("Trooper Hartley"), Okey S. Starsick ("First Sergeant Starsick"), and West Virginia State Police, by counsel, Michael D. Mullins, James E. McDaniel, and the law firm of Steptoe & Johnson PLLC, and in response to Plaintiff's Complaint state as follows:

**<u>FIRST DEFENSE</u>**

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

**<u>SECOND DEFENSE</u>**

      The first paragraph of Plaintiff's Complaint, which is not a numbered paragraph, is an introductory paragraph to which no response appears necessary. These Defendants respond to the enumerated paragraphs as follows:

1.      The paragraph numbered 1 of Plaintiff's Complaint is a jury demand to which no response is required.

2.      The allegations set forth in the paragraph numbered 2 of Plaintiff's Complaint call for a legal conclusion to which these Defendants are not required to respond.

3.      The allegations set forth in the paragraph numbered 3 of Plaintiff's Complaint call for a legal conclusion to which these Defendants are not required to respond. Notwithstanding, these Defendants deny that they used excessive force or violated Plaintiff's rights under the United States Constitution or the West Virginia Constitution.

4.      The allegations set forth in the paragraph numbered 4 of Plaintiff's Complaint call for a legal conclusion to which these Defendants are not required to respond.

5.      These Defendants are without specific information or knowledge from which to formulate a belief as to the truth of the allegations contained in the paragraph numbered 5 of Plaintiff's Complaint.

6.      These Defendants are without specific information or knowledge from which to formulate a belief as to the truth of the allegations contained in the paragraph numbered 6 of Plaintiff's Complaint.

7.      Upon information and belief, these Defendants admit that Trooper Stepp was at all relevant times a trooper with the West Virginia State Police and that he resides in Roane County, West Virginia. The remaining allegations set forth in the paragraph numbered 7 of Plaintiff's Complaint call for a legal conclusion to which these Defendants are not required to respond.

8.      Upon information and belief, these Defendants admit that Trooper Hartley was at all relevant times a trooper with the West Virginia State Police and that he resides in Jackson

County, West Virginia. The remaining allegations set forth in the paragraph numbered 8 of Plaintiff's Complaint call for a legal conclusion to which these Defendants are not required to respond.

9.      Upon information and belief, these Defendants admit that First Sergeant Starsick was at all relevant times a member of the West Virginia State Police, that he is a higher ranking officer but not direct supervisor of Trooper Stepp and Trooper Hartley, and that he resides in Gilmer County, West Virginia. The remaining allegations set forth in the paragraph numbered 9 of Plaintiff's Complaint call for a legal conclusion to which these Defendants are not required to respond.

10.     The allegations set forth in the paragraph numbered 10 of Plaintiff's Complaint are denied.

11.     The allegations set forth in the paragraph numbered 11 of Plaintiff's Complaint are denied.

12.     The allegations set forth in the paragraph numbered 12 of Plaintiff's Complaint are denied.

13.     The allegations set forth in the paragraph numbered 13 of Plaintiff's Complaint are admitted.

14.     These Defendants are without specific information or knowledge from which to formulate a belief as to the truth of the allegations contained in the paragraph numbered 14 of Plaintiff's Complaint.

15.     These Defendants are without specific information or knowledge from which to formulate a belief as to the truth of the allegations contained in the paragraph numbered 15 of Plaintiff's Complaint.

16.     These Defendants do not deny that Plaintiff attempted to comply with the code provision set forth in the paragraph numbered 16 of his Complaint, but they deny that Plaintiff actually complied with the requirements of that provision.

17.     These Defendants are without specific information or knowledge from which to formulate a belief as to the truth of the allegations contained in the paragraph numbered 17 of Plaintiff's Complaint.

18.     The allegations set forth in the paragraph numbered 18 of Plaintiff's Complaint call for a legal conclusion to which these Defendants are not required to respond.

19.     In response to the allegations set forth in the paragraph numbered 19 of Plaintiff's Complaint, these Defendants reassert and incorporate herein by reference their responses to paragraphs 1 through 18 as set forth above.

20.     Upon information and belief, the allegations set forth in the paragraph numbered 20 of Plaintiff's Complaint are admitted.

21.     The allegations set forth in the paragraph numbered 21 of Plaintiff's Complaint are admitted.

22.     Upon information and belief, the allegations set forth in the paragraph numbered 22 of Plaintiff's Complaint are admitted.

23.     Upon information and belief, the allegations set forth in the paragraph numbered 23 of Plaintiff's Complaint are admitted.

24.     In response to paragraph numbered 24 of Plaintiff's Complaint, these Defendants admit that, after making contact with Cottrell's vehicle, Trooper Stepp exited his vehicle and discharged his firearm in self-defense.

25.     The allegations set forth in the paragraph numbered 25 of Plaintiff's Complaint are denied.

26.     The allegations set forth in the paragraph numbered 26 of Plaintiff's Complaint are denied.

27.     Responding to paragraph numbered 27 of Plaintiff's Complaint, these Defendants admit that Trooper Stepp did not have an opportunity to deescalate or complete a wellness check on Cottrell.

28.     Responding to paragraph numbered 28 of Plaintiff's Complaint, these Defendants admit that Trooper Stepp struck his own vehicle while firing on Cottrell.

29.     Responding to paragraph numbered 29 of Plaintiff's Complaint, these Defendants admit that Trooper Stepp yelled out "gun." These Defendants are without specific information or knowledge from which to formulate a belief as to the truth of the remaining allegations contained in the paragraph numbered 29 of Plaintiff's Complaint.

30.     The allegations in the paragraph numbered 30 of Plaintiff's Complaint assume that Trooper Stepp fired immediately and without reason and are therefore denied. Notwithstanding, these Defendants admit that Trooper Stepp fired before the other law enforcement officers.

31.     Upon information and belief, the allegations set forth in the paragraph numbered 31 of Plaintiff's Complaint are admitted.

32.     Responding to paragraph numbered 32 of Plaintiff's Complaint, these Defendants admit that the Report of Death Investigation and Post-Mortem Examination Findings concluded that Cottrell's wounds were likely caused by eight (8) bullets. These Defendants are without

specific information or knowledge from which to formulate a belief as to the truth of the remaining allegations contained in the paragraph numbered 32 of Plaintiff's Complaint.

33.    Responding to paragraph numbered 33 of Plaintiff's Complaint, these Defendants admit that Cottrell did not fire a weapon during the incident. These Defendants are without specific information or knowledge from which to formulate a belief as to the truth of the remaining allegations contained in the paragraph numbered 33 of Plaintiff's Complaint.

34.    Responding to the paragraph numbered 34 of Plaintiff's Complaint, these Defendants admit that Trooper Stepp saw Cottrell holding a shotgun in the front seat of his vehicle. The remaining allegations of the paragraph numbered 34 of Plaintiff's Complaint are denied.

35.    Upon information and belief, the allegations set forth in the paragraph numbered 35 of Plaintiff's Complaint are admitted.

36.    Upon information and belief, the allegations set forth in the paragraph numbered 36 of Plaintiff's Complaint are admitted.

37.    The allegations set forth in the paragraph numbered 37 of Plaintiff's Complaint are admitted.

38.    Responding to the paragraph numbered 38 of Plaintiff's Complaint, these Defendants admit that Trooper Stepp described seeing the shotgun in a different position at a later time during his encounter with Cottrell. However, these Defendants deny that his statements about how Cottrell was holding the shotgun at two different points in time are contradictory.

39.    The allegations set forth in the paragraph numbered 39 of Plaintiff's Complaint are denied.

6

40.      The allegations set forth in the paragraph numbered 40 of Plaintiff's Complaint are denied.

41.      The allegations set forth in the paragraph numbered 41 of Plaintiff's Complaint are denied.

42.      Responding to paragraph numbered 42 of Plaintiff's Complaint, these Defendants admit that, when he felt it was safe to do so, Trooper Stepp used his baton to break the passenger side window of Cottrell's vehicle, removed a shotgun, and placed it on the ground.

43.      The allegations set forth in the paragraph numbered 43 of Plaintiff's Complaint are denied.

44.      In response to the allegations set forth in the paragraph numbered 44 of Plaintiff's Complaint, these Defendants reassert and incorporate herein by reference their responses to paragraphs 1 through 43 as set forth above.

45.      The allegations set forth in the paragraph numbered 45 of Plaintiff's Complaint calls for a legal conclusion to which these Defendants are not required to respond. Furthermore, these Defendants deny that they violated Cottrell's constitutional rights.

46.      These Defendants admit the allegations contained within the paragraph numbered 46 of Plaintiff's Complaint.

47.      These Defendants are without specific information or knowledge from which to formulate a belief as to the truth of the allegations contained in the paragraph numbered 47 of Plaintiff's Complaint.

48.      These Defendants deny the allegations contained within the paragraph numbered 48 of Plaintiff's Complaint.

49.     These Defendants deny the allegations contained within the paragraph numbered 49 of Plaintiff's Complaint.

50.     These Defendants deny the allegations contained within the paragraph numbered 50 of Plaintiff's Complaint.

51.     These Defendants deny the allegations contained within the paragraph numbered 51 of Plaintiff's Complaint.

52.     These Defendants deny the allegations contained within the paragraph numbered 52 of Plaintiff's Complaint.

53.     These Defendants deny the allegations contained within the paragraph numbered 53 of Plaintiff's Complaint. To the extent that the paragraph numbered 53 states the damages that Plaintiff intends to seek, these defendants deny that Plaintiff is entitled to any damages.

54.     Responding to the paragraph numbered 54 of Plaintiff's Complaint, these Defendants deny that Plaintiff is entitled to any damages.

55.     These Defendants deny the allegations contained within the paragraph numbered 55 of Plaintiff's Complaint.

56.     In response to the allegations set forth in the paragraph numbered 56 of Plaintiff's Complaint, these Defendants reassert and incorporate herein by reference their responses to paragraphs 1 through 55 as set forth above.

57.     These Defendants deny the allegations contained within the paragraph numbered 57 of Plaintiff's Complaint.

58.     These Defendants deny the allegations contained within the paragraph numbered 58 of Plaintiff's Complaint.

59.     These Defendants deny the allegations contained within the paragraph numbered 59 of Plaintiff's Complaint. To the extent that the paragraph numbered 59 states the damages that Plaintiff intends to seek, these defendants deny that Plaintiff is entitled to any damages.

60.     Responding to the paragraph numbered 60 of Plaintiff's Complaint, these Defendants deny that Plaintiff is entitled to any damages.

61.     These Defendants deny the allegations contained within the paragraph numbered 61 of Plaintiff's Complaint.

62.     In response to the allegations set forth in the paragraph numbered 62 of Plaintiff's Complaint, these Defendants reassert and incorporate herein by reference their responses to paragraphs 1 through 61 as set forth above.

63.     These Defendants deny the allegations contained within the paragraph numbered 63 of Plaintiff's Complaint.

64.     These Defendants deny the allegations contained within the paragraph numbered 64 of Plaintiff's Complaint.

65.     These Defendants deny the allegations contained within the paragraph numbered 65 of Plaintiff's Complaint.

66.     These Defendants deny the allegations contained within the paragraph numbered 66 of Plaintiff's Complaint.

67.     These Defendants deny the allegations contained within the paragraph numbered 67 of Plaintiff's Complaint.

68.     These Defendants deny the allegations contained within the paragraph numbered 68 of Plaintiff's Complaint.

69.     These Defendants deny the allegations contained within the paragraph numbered 69 of Plaintiff's Complaint.

70.     These Defendants deny the allegations contained within the paragraph numbered 70 of Plaintiff's Complaint.

71.     These Defendants deny the allegations contained within the paragraph numbered 71 of Plaintiff's Complaint.

72.     These Defendants deny the allegations contained within the paragraph numbered 72 of Plaintiff's Complaint.

73.     These Defendants deny the allegations contained within the paragraph numbered 73 of Plaintiff's Complaint. To the extent that the paragraph numbered 73 states the damages that Plaintiff intends to seek, these defendants deny that Plaintiff is entitled to any damages.

74.     In response to the allegations set forth in the paragraph numbered 74 of Plaintiff's Complaint, these Defendants reassert and incorporate herein by reference their responses to paragraphs 1 through 73 as set forth above.

75.     Responding to the paragraph numbered 75 of Plaintiff's Complaint, allegations regarding whether these Defendants were acting under color of law and within the scope of their employment calls for a legal conclusion to which these Defendants are not required to respond. These Defendants deny the remaining allegations contained within the paragraph numbered 75 of Plaintiff's Complaint.

76.     The allegations set forth in the paragraph numbered 76 of Plaintiff's Complaint call for a legal conclusion to which these Defendants are not required to respond.

77.     These Defendants deny the allegations contained within the paragraph numbered 77 of Plaintiff's Complaint.

78.     These Defendants deny the allegations contained within the paragraph numbered 78 of Plaintiff's Complaint.

79.     The allegations set forth in the paragraph numbered 79 of Plaintiff's Complaint call for a legal conclusion to which these Defendants are not required to respond.

80.     These Defendants deny the allegations contained within the paragraph numbered 80 of Plaintiff's Complaint.

81.     These Defendants deny the allegations contained within the paragraph numbered 81 of Plaintiff's Complaint.

82.     These Defendants deny the allegations contained within the paragraph numbered 82 of Plaintiff's Complaint. To the extent that the paragraph numbered 82 states the damages that Plaintiff intends to seek, these defendants deny that Plaintiff is entitled to any damages.

83.     These Defendants deny the allegations contained within the paragraph numbered 83 of Plaintiff's Complaint.

84.     In response to the allegations set forth in the paragraph numbered 84 of Plaintiff's Complaint, these Defendants reassert and incorporate herein by reference their responses to paragraphs 1 through 83 as set forth above.

85.     These Defendants deny the allegations contained within the paragraph numbered 85 of Plaintiff's Complaint.

86.     These Defendants deny the allegations contained within the paragraph numbered 86 of Plaintiff's Complaint. To the extent that the paragraph numbered 86 states the damages that Plaintiff intends to seek, these defendants deny that Plaintiff is entitled to any damages.

87.     These Defendants deny the allegations contained within the paragraph numbered 87 of Plaintiff's Complaint.

88.     In response to the allegations set forth in the paragraph numbered 88 of Plaintiff's Complaint, these Defendants reassert and incorporate herein by reference their responses to paragraphs 1 through 87 as set forth above.

89.     The allegations set forth in the paragraph numbered 89 of Plaintiff's Complaint call for a legal conclusion to which these Defendants are not required to respond.

90.     These Defendants deny the allegations contained within the paragraph numbered 90 of Plaintiff's Complaint.

91.     These Defendants deny the allegations contained within the paragraph numbered 91 of Plaintiff's Complaint.

92.     These Defendants deny the allegations contained within the paragraph numbered 92 of Plaintiff's Complaint. To the extent that the paragraph numbered 92 states the damages that Plaintiff intends to seek, these defendants deny that Plaintiff is entitled to any damages.

93.     These Defendants deny the allegations contained within the paragraph numbered 93 of Plaintiff's Complaint.

94.     In response to the allegations set forth in the paragraph numbered 94 of Plaintiff's Complaint, these Defendants reassert and incorporate herein by reference their responses to paragraphs 1 through 93 as set forth above.

95.     These Defendants deny the allegations contained within the paragraph numbered 95 of Plaintiff's Complaint.

96.     These Defendants deny the allegations contained within the paragraph numbered 96 of Plaintiff's Complaint.

97.     These Defendants deny the allegations contained within the paragraph numbered 97 of Plaintiff's Complaint.

98.     These Defendants deny the allegations contained within the paragraph numbered 98 of Plaintiff's Complaint.

99.     These Defendants deny the allegations contained within the paragraph numbered 99 of Plaintiff's Complaint.

100.    These Defendants deny the allegations contained within the paragraph numbered 100 of Plaintiff's Complaint.

101.    These Defendants deny the allegations contained within the paragraph numbered 101 of Plaintiff's Complaint.

102.    These Defendants deny the allegations contained within the paragraph numbered 102 of Plaintiff's Complaint.

103.    These Defendants deny the allegations contained within the paragraph numbered 103 of Plaintiff's Complaint.

104.    These Defendants deny the allegations contained within the paragraph numbered 104 of Plaintiff's Complaint.

105.    These Defendants deny the allegations contained within the paragraph numbered 105 of Plaintiff's Complaint. To the extent that the paragraph numbered 105 states the damages that Plaintiff intends to seek, these defendants deny that Plaintiff is entitled to any damages.

The final, unnumbered paragraph of Plaintiff's Complaint is a demand for judgment against the Defendants. Responding to Plaintiff's demand, these Defendants deny that Plaintiff is entitled to a judgment in his favor or any damages whatsoever.

## **JURY DEMAND**

These Defendants request a jury trial on all issues deemed so triable by the Court.

13

## THIRD DEFENSE

The Eleventh Amendment precludes Plaintiff's claim against the West Virginia State Police.

## FOURTH DEFENSE

These Defendants were privileged and within the scope of their lawful authority in all actions undertaken.

## FIFTH DEFENSE

The conduct of Plaintiff's Decedent, Plaintiff, or Decedent's beneficiaries was the competent producing cause of his injuries, if any.

## SIXTH DEFENSE

These Defendants are entitled to immunity from any award of damages because these Defendants did not cause the deprivation of any clearly established constitutional right or privilege of the Plaintiff.

## SEVENTH DEFENSE

These Defendants raise the affirmative defense of privilege, immunity and contributory and/or comparative fault.

## EIGHTH DEFENSE

These Defendants acted reasonably and in good faith under the circumstances and are therefore immune from liability.

## NINTH DEFENSE

No constitutional deprivations occurred as a result of a custom or policy of the West Virginia State Police and therefore the West Virginia State Police and/or the State of West Virginia are immune from Plaintiff's claim.

## TENTH DEFENSE

The Defendants were not deliberately indifferent towards Plaintiff and therefore they are immune from Plaintiff's claim.

## ELEVENTH DEFENSE

These Defendants acted reasonably.

## TWELFTH DEFENSE

Plaintiff's claim for punitive damages violates the laws of the United States of America and of West Virginia.

## THIRTEENTH DEFENSE

The actions of others were the competent producing cause of Plaintiff's injuries, if any.

## FOURTEENTH DEFENSE

These Defendants reserve the right to raise the affirmative defenses set forth in Rule 8 of the Federal Rules of Civil Procedure should discovery reveal that those defenses are applicable.

## FIFTEENTH DEFENSE

These Defendants also raise all defenses set forth in their Motion to Dismiss.

## SIXTEENTH DEFENSE

These Defendants raise the defense, to preserve it, of failure to mitigate damages.

## SEVENTEENTH DEFENSE

Plaintiff is barred from recovery on his state law claims by W. Va. Code § 55-7-13d(c).

## EIGHTEENTH DEFENSE

These Defendants reserve the right to raise any and all further defenses which may arise during the course of this litigation.

WHEREFORE, these Defendants respectfully request that they be dismissed from the action and that they be awarded their costs, including any attorneys' fees, expended herein.

NATHAN SCOTT STEPP, ZACH W. HARTLEY, OKEY S. STARSICK, and WEST VIRGINIA STATE POLICE

**By counsel:**

/s/ Michael D. Mullins
Michael D. Mullins, Esquire [WVSB #7754]
James E. McDaniel, Esquire [WVSB #13020]

**STEPTOE & JOHNSON PLLC**
**Of Counsel**

Chase Tower, 17th Floor
707 Virginia Street East
Post Office Box 1588
Charleston, WV 25326-1588
Telephone:  304-353-8000
Facsimile:  304-353-8180
Michael.Mullins@steptoe-johnson.com
Jim.McDaniel@steptoe-johnson.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**BRADELY COTTRELL, on behalf of the
ESTATE OF BERNARD DALE COTTRELL,**

       **Plaintiff,**

                                      **CIVIL ACTION NO. 2:18-cv-1281**

**v.**                                    **Honorable Thomas E. Johnston**

**NATHAN SCOTT STEPP, Individually as a
member of the West Virginia State Police;
ZACH W. HARTLEY, Individually as a
member of the West Virginia State Police;
OKEY S. STARSICK, Individually as a
member of the West Virginia State Police;
ROBERT B. HICKMAN, Individually as a
member of the Roane County Sheriff's Department;
ROANE COUNTY SHERIFF'S DEPARTMENT;
and WEST VIRGINIA STATE POLICE,**

                                    **Defendants.**

### CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of October, 2018, I filed the foregoing **"Answer of Trooper Stepp, Trooper Hartley, First Sergeant Starsick, and West Virginia State Police to Plaintiff's Complaint"** by utilizing the CM/ECF system which will send electronic notification of said filing to counsel as listed below:

Russell A. Williams
Katz Kantor Stonestreet & Buckner
112 Capitol Street, Suite 100
Charleston, WV 25301
*Counsel for Plaintiff*

John P. Fuller
Bailey & Wyant
P.O. Box 3710
Charleston, WV 25337
*Counsel for Defendants Robert B. Hickman
and Roane County Sheriff's Department*

**STEPTOE & JOHNSON PLLC**
Of Counsel

/s/ Michael D. Mullins
Michael D. Mullins, Esquire [WVSB #7754]
James E. McDaniel, Esquire [WVSB #13020]
Chase Tower, 17th Floor
707 Virginia Street East
Post Office Box 1588
Charleston, WV 25326-1588
Telephone:   304-353-8000
Facsimile:   304-353-8180
Michael.Mullins@steptoe-johnson.com
Jim.McDaniel@steptoe-johnson.com