L R Civ P 26.4 - Rule 502(b) Form (06/08/2017)

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF WEST VIRGINIA
### AT

v.                                                              **CIVIL ACTION**

### ORDER GOVERNING THE INADVERTENT DISCLOSURE
### OF DOCUMENTS OR OTHER MATERIAL UNDER RULE 502(b)

Consistent with Federal Rule of Evidence 502(b) and Federal Rule of Civil Procedure 26(b), the Court hereby **ORDERS** that the following procedures shall govern the inadvertent production of privileged or confidential documents:

**I.   CLAWBACK OF PRIVILEGED OR PROTECTED DOCUMENTS**

A.   If a party discloses information (the "Disclosing Party") in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information shall not constitute a waiver or forfeiture—in this or

1

any action—of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter if (i) the Disclosing Party took reasonable steps to prevent disclosure and (ii) the Disclosing Party promptly took reasonable steps to rectify the error. For purposes of this Order, the term "promptly" shall mean within ___ days of the discovery of the inadvertent disclosure.

   B.  If a party receiving information (the "Receiving Party") has reason to believe that the information is subject to an attorney-client privilege or work product protection, the Receiving Party shall promptly notify the Disclosing Party of the potential inadvertent disclosure. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows, or reasonably should know, to be privileged.

   C.  When a Disclosing Party asserts a privilege or work product protection over inadvertently disclosed Protected Information, the parties shall follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) and in accordance with the following provisions:

   1.  The Disclosing Party shall, within ___ days of the discovery of the inadvertent disclosure, notify the Receiving Party, in writing, that it has disclosed Protected Information without intending a waiver by the disclosure. The Disclosing Party must explain in the notification as specifically as possible why the Protected Information is privileged or protected. The Disclosing Party shall identify the Protected Information by Bates-stamped number. If the Protected Information is not Bates-stamped, the Disclosing Party shall identify the Protected Information in a manner that reasonably permits the Receiving Party to easily locate the Protected Information at issue.

2. Upon receiving notification of the inadvertent disclosure, the Receiving Party must—unless it challenges the claim of attorney-client privilege or work product protection or the Disclosing Party's right to clawback the Protected Information in accordance with Paragraph 3—promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester, or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has, and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information. For purposes of this Order, Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete or sequester the restored protected information. For purposes of this Order, Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete or sequester the restored protected information.

3. Any challenge to a Disclosing Party's request to clawback Protected Information shall be raised, in writing, by the Receiving Party within ___ days after being notified of the Disclosing Party's request to clawback the Protected Information. The parties shall promptly meet and confer, in person or by telephone, to determine if the challenge can be resolved without judicial intervention. If the parties are unable to resolve the dispute, the Disclosing Party shall move the Court for a Protective Order compelling the return or destruction of the information claimed to be Protected Information. The Motion for a Protective Order, response to the motion, and reply memorandum may be filed under seal, if appropriate. Pending

resolution of the Motion for a Protective Order, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Motion for Protective Order.

4. The parties may stipulate to extend the time periods set forth in Paragraphs 1 and 3 of this Order.

5. The Disclosing Party retains the burden—upon challenge pursuant to Paragraph 3—of establishing the privileged or protected nature of the Protected Information and the right to clawback the Protected Information.

6. Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Protected Information.

7. This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Fed. R. Evid. 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

II. **DISCLOSURE OF DOCUMENTS INADVERTENTLY NOT DESIGNATED AS CONFIDENTIAL**

In the event that a Disclosing Party mistakenly produces confidential information without a confidentiality designation as permitted by the Protective Order entered in this litigation, the following procedures shall apply:

A. The Disclosing Party shall, within \_\_\_\_ days of the discovery of the production, notify the Receiving Party in writing, identifying the confidential information by Bates-stamped number. If the confidential information is not Bates-stamped, the Disclosing Party shall identify the confidential information in a manner that reasonably permits the Receiving Party to easily locate the confidential information at issue. Within \_\_\_\_ days thereafter, the Disclosing Party

4

shall provide a replacement copy of the confidential information, marked "**CONFIDENTIAL**" and properly Bates-stamped with the original number, if applicable. The Receiving Party shall promptly destroy or return the confidential information mistakenly produced without a confidentiality designation, including any copies it has, and replace it with the confidential information properly designated as confidential.

B. If a Receiving Party disputes the Disclosing Party's claim of confidentiality, the Receiving Party may move the Court to challenge the confidential designation in accordance with the provisions of the Protective Order entered in this case. If a Receiving Party elects to file such a motion, the Receiving Party may retain possession of the confidential information, but shall treat it in accordance with the terms of the Protective Order pending resolution of the motion. If the Receiving Party's motion is denied, the parties shall promptly comply with Paragraph II. A. of this Order.

C) The production of such document does not constitute a waiver of any claim of confidentiality as set forth in the Protective Order in this matter, unless otherwise determined by the court.

The Clerk is hereby directed to send copies of this Order to counsel of record and any unrepresented party.

**ENTER:** November 6, 2018

_____
Dwane L. Tinsley
United States Magistrate Judge

Parties and Counsel:

/s/ Russell A. Williams (w/ permission)
Russell A. Williams (WVSB # 12710)
Katz, Kantor, Stonestreet & Buckner, PLLC
112 Capitol Street, Suite 100
Charleston, WV 25301
*Counsel for Plaintiff*


/s/ John P. Fuller (w/ permission)
Charles R. Bailey (WVSB # 0202)
John P. Fuller (WVSB # 9116)
Bailey & Wyant, PLLC
500 Virginia Street East, Suite 600
P.O. Box 3710
Charleston, WV  25337-3410
*Counsel for Robert B. Hickman and*
*Roane County Sheriff's Department*


/s/ Michael D. Mullins
Michael D. Mullins (WVSB # 7754)
James E. McDaniel (WVSB # 13020)
Steptoe & Johnson PLLC
Chase Tower, 17th Floor
707 Virginia Street East
P.O. Box 1588
Charleston, WV  25326-1588
*Counsel for Nathan S. Stepp, Zach W. Hartley,*
*Okey S. Starsick, and West Virginia State Police*