L R Civ P 26.1 Form (06/08/2017)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

**BRADLEY COTTRELL,**

**Plaintiff,**

v.                                                     CIVIL  ACTION  **2:18-cv-01281**

**NATHAN S. STEPP, et al.,**

**Defendants.**

## ORDER SETTING DEPOSITION PROTOCOL

The parties have agreed to a protocol governing the taking of depositions in this case. Therefore, it is **ORDERED** that the following protocol shall be followed with all depositions conducted herein:

A. <u>Deposition Notices</u>

This Order applies to all depositions in this matter, which shall be noticed and conducted pursuant to Fed. R. Civ. P. 30 and this Order.

B. <u>Number of Depositions Allowed</u>

The parties agree that each party will be permitted to take __20__ depositions without seeking leave of court.

C. Duration of Deposition

The presumptive time limitations on depositions imposed by Fed. R. Civ. P. 30(d)(1) shall apply in this litigation unless the parties agree to a different time limitation, or the court establishes a different time limitation upon good cause shown. Any agreement by the parties to alter the presumptive time limits shall be in writing and submitted to the court as a stipulation.

D. Scheduling of Depositions

1.     The parties shall meet and confer to establish by mutual agreement a schedule for depositions in this litigation. The parties shall consider: (a) the availability of documents from among those produced by the parties and third parties; (b) the objective of not subjecting any person to repeated depositions; and (c) the need to preserve relevant testimony. The scheduling of depositions should be coordinated to the extent possible.

2.     As a general rule, a witness should not be deposed on the same subject more than once. A party seeking to take a second deposition of a witness shall provide the opposing party the basis for its request. Second depositions shall be permitted only upon agreement of the parties or an order of this court issued for good cause shown. Second depositions should not be cumulative or repetitive. The parties agree that second depositions taken specifically for the purpose of admission at trial may be taken without leave of court, so long as the depositions are scheduled in accordance with the provisions of this Order and do not delay the scheduled trial date. Defendant may select as a corporate designee under Rule 30(b)(6) a witness who has or will also testify in his or her individual capacity. A witness testifying as a Rule 30(b)(6) designee is testifying in the place of the corporation and not in his or her individual capacity. Therefore, the fact that an individual has testified as a Rule 30(b)(6) corporate representative does not prohibit that individual from being deposed a second time in his or her individual capacity.

3.      Each party shall be notified at least __21__ days in advance of a deposition, unless the parties agree otherwise, or the Scheduling Order does not permit, or the court enters an order that alters the notice period. A notice of the deposition of a party or party's designated witness, which requires the deponent to bring documents to the deposition, shall be served at least __21__ days in advance.

E. Location of Depositions

The parties shall endeavor to schedule all depositions at locations within a reasonable distance from the residence of the deponent, or at such location agreed upon by all counsel involved and the deponent.

F. Treatment of Confidential Information

1. A party may designate as confidential any portion of a witness's deposition testimony regarding, concerning, or revealing the contents of any document designated as "**CONFIDENTIAL**" under the Protective Order entered in this litigation, or any other subject that qualifies as confidential under the Protective Order. While a deponent is being examined about information subject to the Protective Order, persons to whom disclosure is not authorized shall be excluded. The terms of the Protective Order shall apply to that portion of any transcript or recording designated as confidential under this paragraph, as well as to any confidential document attached to the deposition transcript as an exhibit. The confidentiality designation may be made by any party or their counsel either during the deposition or within the time period allowed under Fed. R. Civ. P. 30(e) for a witness to review and change the transcript or recording; the entirety of the affected transcript shall be maintained by all parties as "**CONFIDENTIAL**" during such period.

2.      Before confidential portions of a deposition transcript or confidential exhibits are filed with the Court or used at a hearing or trial, the party or attorney wishing to file or use the

confidential transcript portions or exhibits shall follow the directives contained in Section II of the Protective Order (entitled "Post-Discovery Phase").

G.   Conduct of Depositions

4.      Each party should designate one attorney to conduct the principal examination of each deponent.

5.      The attorney conducting a deposition must provide opposing counsel with at least one copy of each exhibit marked at such deposition, simultaneous with the marking of such exhibit.

H.   Deposition Disputes

1.  The parties shall meet and confer in to resolve disputes concerning the timing or scheduling of depositions. If the parties are unable to resolve a dispute after good faith efforts, they may present the issue to the court for resolution.

2. Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule, require rescheduling of the deposition, or possibly result in the need to conduct a supplemental deposition, shall be presented to the presiding Magistrate Judge by telephone. In the event the Magistrate Judge is not available, then disputes may be presented to the presiding District Judge. In the event neither the Magistrate Judge nor the District Judge are available, all efforts shall be made to continue the deposition with full reservation of rights of the interrogation for a ruling at the earliest possible time.

The Clerk is hereby directed to send copies of this Order upon its entry to counsel of record.

**ENTER**:   November 6, 2018

Dwane L. Tinsley
United States Magistrate Judge

4

Parties and Counsel:

/s/ <u>Russell A. Williams (w/ permission)</u>
Russell A. Williams (WVSB # 12710)
Katz, Kantor, Stonestreet & Buckner, PLLC
112 Capitol Street, Suite 100
Charleston, WV 25301
*Counsel for Plaintiff*


/s/ <u>John P. Fuller (w/ permission)</u>
Charles R. Bailey (WVSB # 0202)
John P. Fuller (WVSB # 9116)
Bailey & Wyant, PLLC
500 Virginia Street East, Suite 600
P.O. Box 3710
Charleston, WV  25337-3410
*Counsel for Robert B. Hickman and*
*Roane County Sheriff's Department*


/s/ <u>Michael D. Mullins</u>
Michael D. Mullins (WVSB # 7754)
James E. McDaniel (WVSB # 13020)
Steptoe & Johnson PLLC
Chase Tower, 17th Floor
707 Virginia Street East
P.O. Box 1588
Charleston, WV  25326-1588
*Counsel for Nathan S. Stepp, Zach W. Hartley,*
*Okey S. Starsick, and West Virginia State Police*