IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRADLEY COTTRELL,
on behalf of the Estate of,
BERNARD DALE COTTRELL,

                        Plaintiffs,

v.                                          CIVIL ACTION NO.   2:18-cv-01281

NATHAN SCOTT STEPP,
Individually as a member of the
West Virginia State Police, et al.,

                        Defendants.

**ORDER**

Pending before the Court is Defendant Robert Hickman's ("Hickman") Motion for Summary Judgment, (ECF No. 78), and Defendants Okey Starsick, Nathan Stepp ("Stepp"), and Zach Hartley's ("Hartley") Motion for Summary Judgment, (ECF No. 80).   While reviewing these motions, the Court has determined that Plaintiff Bradley Cottrell's ("Plaintiff") Count IV claim for violations of Article III, Section 10 of the West Virginia Constitution presents unresolved questions of law that this Court seeks to certify to the West Virginia Supreme Court of Appeals ("WVSCA").

Article III, Section 10 of the West Virginia Constitution mirrors the Fourteenth Amendment of the United States Constitution and protects against deprivation of life, liberty, or property without due process of law.   In a prior Memorandum Opinion and Order entered on

1

March 12, 2019, the Court dismissed this claim against Stepp and Hartley. (ECF No. 42 at 6–7.) This Court held that Plaintiffs' Article III, Section 10 due process claim was redundant of the more specific protections afforded in Article III, Section 6, which is West Virginia's Fourth Amendment unreasonable search and seizure equivalent, based on the United States Supreme Court's instruction that "*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis in original); *see United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) ("*Graham* . . . requires that if a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process."). Further, the Court held that it had "no reason to believe that the West Virginia Supreme Court of Appeals would apply a different rule in its construction of Article III, Section 10." (ECF No. 42 at 7.)

In his Motion for Summary Judgment, Hickman now advances this same argument and seeks summary judgment on Plaintiffs' Article III, Section 10 claim. (ECF No. 79 at 15–16.) However, during the pendency of these motions, the WVSCA answered this Court's certified question in *Fields v. Mellinger*, 851 S.E.2d 789 (W. Va. 2020). In *Fields*, the WVSCA held that "West Virginia does not recognize a private right of action for monetary damages for a violation of Article III, Section 6 of the West Virginia Constitution." *Id.* at Syl. Pt. 3. Thus, Plaintiff's Article III, Section 6 claim is no longer viable. Further, this Court is now faced with the question

of whether Plaintiff's Article III, Section 10 claim can be considered redundant if Article III, Section 6 is no longer a viable cause of action in West Virginia.

First, this Court must ask the WVSCA if it recognizes the United States Supreme Court's rule as established in *Graham* and *Lanier* which requires a constitutional claim that is covered by a specific constitutional provision to be analyzed under the standard specific to that provision and not under substantive due process. If answered in the affirmative, this Court would then ask if, considering the decision in *Fields*, Article III, Section 10 would be considered redundant where Plaintiffs are clearly alleging excessive force claims but are no longer allowed to pursue Article III, Section 6 as an avenue for relief. These questions are critical to the disposition of this case, and the WVSCA has never answered these questions directly.

Accordingly, the Court **ORDERS** the parties to file a joint certification order in accordance with W. Va. Code § 51–1A–6 by **May 14, 2021**. However, to prevent the certification of these questions, Plaintiffs may choose to dismiss their Count IV claim for violations of Article III, Section 10 of the West Virginia Constitution.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 3, 2021

_____
THOMAS E. JOHNSTON, CHIEF JUDGE