**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

BRADLEY COTTRELL,
on behalf of the Estate of,
BERNARD DALE COTTRELL,

                       Plaintiffs,

v.                                       CIVIL ACTION NO.   2:18-cv-01281

NATHAN SCOTT STEPP,
Individually as a member of the
West Virginia State Police, et al.,

                       Defendants.

**ORDER OF CERTIFICATION TO THE
SUPREME COURT OF APPEALS OF WEST VIRGINIA**

       This Court respectfully requests that the Supreme Court of Appeals of West Virginia exercise its certification jurisdiction pursuant to W. Va. Code §§ 51–1A–1 to 51–1A–13 and answer the questions of law set forth below.   The questions concern the clarification of the opinion issued by the Supreme Court of Appeals of West Virginia in *Fields v. Mellinger*, 851 S.E.2d 789 (W. Va. 2020) and is critical to the disposition of the above–captioned case pending in this Court.

*I.     Questions of Law*

First, does West Virginia apply to its own Constitution the United States Supreme Court's rule as established in *Graham v. Connor*, 490 U.S. 386 (1989) and *United States v. Lanier*, 520 U.S. 259 (1997), which requires a constitutional claim that is covered by a specific constitutional provision to be analyzed under the standard specific to that provision and not under substantive due process?

1

Second, if answered in the affirmative, is a claim brought under Article III, Section 10 of the West Virginia Constitution considered redundant where Plaintiffs also alleged an Article III, Section 6 claim but are no longer allowed to pursue Article III, Section 6 as an avenue for relief?

Article III, Section 10 of the West Virginia Constitution mirrors the Fourteenth Amendment of the United States Constitution and protects against deprivation of life, liberty, or property without due process of law.   In *Hutchison v. City of Huntington*, 479 S.E.2d 649, 660 (W. Va. 1996), the West Virginia Supreme Court addressed a violation of the Due Process clause of Article III, Section 10 and held that "a private cause of action exists where state government, or its entities, cause injury to a citizen by denying due process."   In *Fields*, the West Virginia Supreme Court declined to disturb the holding in *Hutchison*.   *Fields*, 851 S.E.2d at 794 n.3.

Further, in a prior Memorandum Opinion and Order entered on March 12, 2019, this Court dismissed Plaintiffs' Article III, Section 10 claim against Defendants Nathan Stepp and Zach Hartley.   (ECF No. 42 at 6–7.)   This Court held that Plaintiffs' Article III, Section 10 due process claim was redundant of the more specific protections afforded in Article III, Section 6, which is West Virginia's Fourth Amendment unreasonable search and seizure equivalent, based on the United States Supreme Court's instruction that "*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach."   *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis in original); *see United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) ("*Graham* . . . requires that if a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.").   Further, this Court previously held that it had "no reason to

2

believe that the West Virginia Supreme Court of Appeals would apply a different rule in its construction of Article III, Section 10."   (ECF No. 42 at 7.)

In his pending Motion for Summary Judgment, Defendant Robert Hickman now advances this same argument and seeks summary judgment on Plaintiffs' Article III, Section 10 claim. (ECF No. 79 at 15–16.)   However, during the pendency of these motions, the West Virginia Supreme Court of Appeals answered this Court's certified question in *Fields v. Mellinger*, 851 S.E.2d 789 (W. Va. 2020).   In *Fields*, the West Virginia Supreme Court held that "West Virginia does not recognize a private right of action for monetary damages for a violation of Article III, Section 6 of the West Virginia Constitution."   *Id.* at Syl. Pt. 3.   Thus, Plaintiffs' Article III, Section 6 claim is no longer viable.   Further, this Court is now faced with the question of whether Plaintiffs' Article III, Section 10 claim can still be considered redundant if Article III, Section 6 is no longer a viable cause of action in West Virginia.   The West Virginia Supreme Court of Appeals has never addressed these issues directly, and this Court now seeks clarification.

## II.   Facts

This Court will first set forth the facts relevant to the questions of law to be certified and which are necessary to understand "fully the nature of the controversy out of which the question arose." W. Va. Code § 51-1A-6(a)(2).

### A.  Background Facts

The parties have stipulated to the following statement of facts:

On September 6th, 2018, Plaintiff Bradley Cottrell, on behalf of the Estate of Bernard Dale Cottrell, filed his Complaint against Defendants Nathan Scott Stepp, both individually and in his official capacity as a member of the West Virginia State Police; Zach W. Hartley, both individually and in his official capacity as a member of the West Virginia State Police; Okey S. Starsick, both individually and in his official capacity as a member of the West Virginia State Police, Robert B. Hickman,

3

both individually and in his official capacity as a member of the Roane County Sheriff's Department; the Roane County Sheriff's Department, and the West Virginia State Police.   (ECF No. 1).

The suit follows and [sic] incident of September 6, 2016, which resulted in a fatal use for [sic] force by Defendants Stepp, Hartley and Hickman following a high-speed pursuit in Roane County, West Virginia, along Route 14.   *Id.* at 21-22.   It is not disputed that Defendants Stepp, Harley and Hickman each discharged their firearms during the use of force. Bernard Dale Cottrell died as a result of the use of force.   *Id.* at 3.

With regard to Defendants Stepp, Hartley and Hickman, Plaintiffs alleged causes of action based upon an alleged violation of the Fourth Amendment of the United States Constitution (*Id.* at 48), Art. III, Sec. 6 and 10 of the West Virginia Constitution (*Id.* at 77), as well as state law based claims of Battery and Negligence (*Id.* at Counts V and VI).

On March 12, 2019, the Court dismissed Plaintiff's claim pursuant to Article III, Section 10 of the West Virginia Constitution against Defendants Stepp and Hartley, holding that the protections afforded by that section were redundant of the protections against afforded by Article III, Section 6.   (ECF No. 42 at 7.)   In his Motion for Summary Judgment, Defendant Hickman asserted the same argument advanced by Defendants Stepp and Hartley, and previously accepted by the Court, with regard to the claims brought pursuant to Art. III, Sec. 10.   ECF 79, at 15-16.

The Roane County Sheriff's Department was dismissed from this action by Order of March 12, 2019.   See ECF 42.   The West Virginia State Police was dismissed by the same Order.   *Id.*   The claims against Defendant Starsick do not contain any claims brought pursuant to the West Virginia Constitution.

(ECF No. 124 at 2.)

    *B.  Procedural History*

On September 6, 2018, Plaintiffs filed a Complaint in the United States District Court for the Southern District of West Virginia invoking this Court's federal question jurisdiction.   On September 9, 2019, Hickman filed his Motion for Summary Judgment.   (ECF No. 78.)   Plaintiffs responded, (ECF No. 83), and Defendant timely replied, (ECF No. 84).   Further, on January 26, 2021, Hickman filed a supplemental memorandum in support of his Motion for Summary

Judgement, (ECF No. 106).   Defendants Stepp, Hartley and Starsick filed their Motion for Summary Judgment the same day.   (ECF No. 80.)   Plaintiffs timely responded, (ECF No. 82), and Defendants timely replied, (ECF No. 85).   Further, on May 3, 2021, this Court entered an order directing the parties to file a joint certification order to certify questions to the West Virginia Supreme Court of Appeals because this briefing presented unresolved questions of law.   (ECF No. 123.)

### III.     Acknowledgment

Pursuant to W. Va. Code § 51-1A-6(a)(3), this Court and the parties agree and acknowledge that the Supreme Court of Appeals of West Virginia may reformulate the certified question presented.

### IV.     Names and Addresses of Counsel of Record

A.  *Counsel for Plaintiffs*

**Nicolette A. Ward**
Romanucci & Blandin, LLC
321 North Clark Street, Suite 900
Chicago, IL 60654
nward@rblaw.net

**Russell A. Williams**
Katz, Kantor, Stonestreet & Buckner PLLC
112 Capitol Street, Suite 200
Charleston, WV 25301
rwilliams@kksblaw.com

B.  *Counsel for Defendants*

**John P. Fuller**
**Charles R. Bailey**
**Jeffrey M. Carder**
Bailey & Wyant, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710

5

Charleston, West Virginia 25337-3710
T: 304.345.4222 F: 304.343.3133
cbailey@baileywyant.com
jfuller@baileywyant.com
jcarder@baileywyant.com

**Michael Mullins**
Steptoe & Johnson PLLC
Chase Tower, 17th Floor
707 Virginia Street, East
Post Office Box 1588
Charleston, WV 25326-1588
michael.mullins@steptoe-johnson.com

The Court **DIRECTS** the Clerk to send a copy of this Order to the Clerk of the Supreme

Court of Appeals of West Virginia, counsel of record, and any unrepresented party.

ENTER:        May 17, 2021

THOMAS E. JOHNSTON, CHIEF JUDGE

6